Jenks *v.* Silloway et al.

---

THOMAS T. JENKS *v.* WILLIAM N. SILLOWAY, *and Trustee,* ELIJAH NYE.

### Trustee process.

In an action brought by way of the trustee process, it appeared that the trustee purchased a farm worth seventeen hundred dollars of the plaintiff, for the defendant to reside upon, and paid the plaintiff twelve hundred dollars therefor, taking a warranty deed. An encumbrance of five hundred dollars then existed upon the farm, and the defendant, who was then indebted to the plaintiff, at the time of this sale, and with the plaintiff's knowledge, placed all his attachable property in the hands of another person, to secure him for an agreement which he then made to pay the mortgage, and for his guaranty to the trustee to do so. At the time of the hearing before the commissioner in the trustee case, the mortgage had not become due, and had not been paid. *Held,* that the trustee was not chargeable.

This case was referred to a commissioner, who reported the following facts:

The trustee, on the 29th of January, 1856, bought of the plaintiff a farm worth seventeen hundred dollars, for which he paid him twelve hundred dollars, and took a warranty deed thereof. He bought the farm at the request of the defendant, who was his relaative, for the latter to reside upon. There was a prior mortgage upon the farm, given by the thc plaintiff to one Scott, for five hundred dollars, which the defendant, at the time of the purchase of the farm by the trustee, procured one Bailey to agree to pay, and secured him for so doing, by turning out to him property belonging to the defendant, worth five hundred dollars. Bailey thereupon gave the trustee a guaranty that he would pay the mortgage, so that the trustee could have the farm free from encumbrance, without any further payment than the twelve hundred dollars which he had already paid. This whole transaction was known both to the plaintiff and the trustee.

Both the defendant and the trustee have ever insisted that the defendant had no interest or estate in the farm.

The debt upon which this action was brought existed at the time of the purchase of the farm by the trustee, and the latter was then aware of its existence.

The defendant had no attachable property remaining after securing Bailey, as above mentioned, nor has he since had any. The mortgage was not due at the time of the hearing before the commissioner, and had not been paid.

The county court, at the May Term, 1858, upon hearing on the commissioner's report, decided that the trustee was not chargeable, to which the plaintiff excepted.

*T. Gleed,* for the plaintiff.

*T. P. Redfield* and *George Wilkins,* for the trustee.

The opinion of the court was delivered by

BARRETT, J. In this case the commissioner has reported the disclosure made by the trustee, and the facts found by him upon that disclosure. The plaintiff claims that the trustee should be charged on account of the property that was put into the hands of Bailey by the principal debtor. That property was put into Bai-

ley's hand to secure him for guaranteing the payment of the mortgage to Scott, upon the premises conveyed by the plaintiff to the trustee.

If the trustee is to be thus charged, it must be either, because, by virtue of the transactions between the parties, he has become indebted to the principal debtor in such a way that a claim for the value of that property could be enforced by the principal debtor himself, against the trustee, or, because the property itself came into the possession of the trustee, and was held by him as the property of the principal debtor, at the time the trustee process was served.

It is to be observed that the commissioner has not found that in those transactions, there was any fraudulent intent on the part of any one; and, from anything that is contained in the disclosure or report of facts found, we should not feel warranted in inferring that actual fraud was either consummated or designed by any of the parties. Indeed, it would seem somewhat difficult to see, from the facts developed, how the plaintiff could have been the object of a fraud in the passing of the personal property into the hands of Bailey; the report and disclosure showing that the plaintiff was present and participated in the transaction. It was negotiating a sale of the real estate, which was encumbered by a mortgage of his own creating.

That mortgage was an obstacle in the way of the trade. The arrangement was made for the purpose of removing that obstacle, and thus enabling him to convey the property, and at the same time to provide for the payment of that mortgage debt. The report states that "the plaintiff, Jenks, knew of the transaction between Silloway and Bailey, and was present when it was made." If, in any view, therefore, the plaintiff could avail himself of the fact of fraud, it would seem that he ought to show affirmatively, as against the impression made by these facts, that he was, in fact, imposed upon and fraudulently deceived in respect to the transactions in question, notwithstanding his presence at, and knowledge of them. Nothing of this kind being shown, the case stands to be disposed of, on the assumption that no fraud, in fact, has intervened.

Now it is clear, that the trustee had not, at the time the process was served on him, nor has he since had, the personal property for

which he is sought to be charged, in his hands or possession. It was then, and has since continued to be in the hands of Bailey.

It remains then to inquire, whether it so went into Bailey's hands as to render the trustee accountable for its value. If so, it must be because it has operated as a payment of a debt which the trustee, as between himself and Silloway, was bound to pay. The plaintiff claims that it has virtually done so. The trustee denies it. He says and insists that he never undertook, nor was liable to pay the mortgage debt that was resting on the farm in question; that, in fact, his purchase of the farm and payment of twelve hundred dollars for it, was made on the express understanding that he was neither to pay, nor be subject to that mortgage.

In view of the case as it is before us, we do not feel warranted in holding that this is not as the trustee claims.

But even if we were to regard the matter differently, we see no ground for holding that the property in the hands of Bailey has operated a payment of the mortgage debt, or has even effected any realized pecuniary benefit to the trustee. He holds the title to the real estate, subject still to that unpaid mortgage debt. He holds Bailey's guarantee, given in consideration, and upon the security of the personal property turned out to him, that he, Bailey, will pay said mortgage debt.

This undertaking of Bailey is to the trustee himself, and in no way involves the privity, or affects the rights of the mortgagee.

For aught that appears, the mortgagee has every right under his mortgage that he ever had, and may enforce it against the land. All that can be said is, if Bailey pays it, he will thus discharge his undertaking to the trustee. If he does not pay it, and the trustee shall be compelled to do so, he will stand answerable on that undertaking.

It is quite conclusive against charging the trustee for a payment made for his benefit, that the payment has not been made.

Under these views the case does not require a wider range of discussion.

The judgment of the county court is affirmed.